UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                    Case No.: 1-09-40489-dem

THOMAS PARKIN,                                            Chapter 13

                Debtor.
---------------------------------------------------------x

## DECISION AND ORDER GRANTING RELIEF FROM AUTOMATIC STAY

Appearances:

Seth E. Denenberg, Esq.
Sperber Denenberg & Kahan, P.C.
Attorneys for Samir Chopra
48 West 37th Street, 16th Floor
New York, New York 10018

Thomas P. Parkin
Debtor
P.O. Box 150-292
Brooklyn, New York 11215

                              DENNIS E. MILTON
                            UNITED STATES BANKRUPTCY JUDGE

On January 23, 2009, Thomas Parkin (the "debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The matter is before the Court on the application filed on January 29, 2009 of Samir Chopra ("Chopra") for the issuance of an order to show cause vacating the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) and imposing sanctions upon the debtor (the "Application"). On February 12, 2009, the debtor filed papers in opposition to the Application and the Court heard arguments from both parties. Having reviewed the papers and after due deliberation the Court hereby grants the Application for the reasons set forth below.

The underlying facts are as follows. On December 3, 2008, Chopra obtained a pre-petition judgment of possession and issuance of a warrant of eviction from the Civil Court of the State of New York, Kings County (the "state court action") pertaining to the property located at 492 Sixth Avenue, a/k/a 338 Twelfth Street, Brooklyn, New York, 11215 (the "Property). Application, Exhibit P. On January 23, 2009, the debtor filed the instant petition. By operation of law, the automatic stay under 11 U.S.C. § 362(a) stayed the state court action, thereby frustrating the state court judgment of possession and thwarting execution of the warrant of eviction.

The Application should be granted for several reasons. First, the evidence before this Court amply establishes that the debtor has not filed this case in good faith and has not fulfilled his obligations as a debtor. At the time of the filing of his chapter 13 petition, the debtor did not provide schedules, a statement of financials, or any other information required by 11 U.S.C. § 521(a) with the petition. The debtor failed to file a Chapter 13 plan as required under 11 U.S.C. § 1321 and Fed. R. Bankr. P. 3015. As of the date of this Decision and Order, the debtor has failed to file the schedules in a timely manner and has not filed an application for an extension of time to do so.

In addition, the debtor is a repeat filer of petitions with this Court. Pursuant to 11 U.S.C. § 362(d), a court shall grant relief from the automatic stay "for cause," including "with respect to a stay of an act against real property ... if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved... multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(1), (d)(4). The debtor filed this petition almost immediately upon the heels of a decision to grant Chopra relief from the automatic stay to the Property in another case in this Court. See In re Richard Parkin, Case No. 1-08-47853-jf. In

that case, Richard Parkin, the debtor's brother, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 19, 2008. On December 30, 2008, United States Bankruptcy Judge Jerome Feller conducted a hearing on Chopra's motion to vacate the automatic stay and granted the motion. The debtor was notified that a proposed order granting relief from the automatic stay would be presented for settlement to Judge Feller on January 21, 2009. As noted above, the debtor filed the petition in this case on January 23, 2009.

Both the timing and the debtor's participation in filing a number of bankruptcy petitions in his name and the names of other family members reveal the bad faith of the filing here. The debtor has filed a number of petitions in bankruptcy under slightly varying names[1]. The debtor has been connected to bankruptcy cases filed under his father's name, Thomas F. Parkin, Sr.[2], and his brother's name, Richard Parkin[3]. The debtor filed the petition in this case using the Social Security number of his father who passed away on March 26, 2006. See Application, Exhibit B.

Chopra has established standing to the Property, and there are grounds for relief

---

[1] On September 26, 2001 the debtor filed a petition under Chapter 13 of the Bankruptcy Code under the name "Thomas Parkin" (Case No. 1-01-22222). The debtor also filed under Chapter 13 of the Bankruptcy Code on September 9, 2003 with the name "Tom Parkin" (Case No. 1-03-10264). On September 20, 2005, the debtor, using the name "Tomas Prusik" filed a petition under Chapter 13 of the Bankruptcy Code (Case No. 1-05-25715). All of these matters were dismissed. The Court also notes that a debtor with a different social security number filed under Chapter 13 of the Bankruptcy Code on March 8, 1999 with the name "Thom Parkin," (Case No. 1-99-12972), and after the matter was dismissed, filed again on September 27, 1999 under the name "Thomas Parkin" (Case No. 1-99-21966).

[2] "Thomas Parkin, Sr." filed under Chapter 13 of the Bankruptcy Code on March 12, 2002 (Case No. 1-02-13094). This matter was dismissed on July 11, 2002, and on February 28, 2005, "Thomas F. Parkin, Jr." filed bankruptcy under Chapter 13 with the same social security number (Case No. 1-05-12595).

[3] Richard Parkin filed under Chapter 13 of the Bankruptcy Code on September 17, 2002 (Case No. 1-02-21732). This matter was dismissed on December 20, 2002, and Richard Parkin filed again on November 19, 2008 under Chapter 13 of the Bankruptcy Code (Case No. 1-08-47853). On December 30, 2008, the debtor appeared on behalf of his brother before Judge Feller.

from the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4) . The debtor has failed to act in good faith by the filing of a skeletal petition, the use of false social security information, and the filing of numerous petitions to frustrate the judgment in the state court action awarded on December 3, 2008. The debtor has also failed to file any information that would provide a basis to support the Court's finding that the debtor could conclude this case with a confirmed plan.

The Application is granted. The Court finds that the automatic stay of Section 362 of the Bankruptcy Code is no longer in effect. The automatic stay is vacated, pertaining to the property located at 492 Sixth Avenue, a/k/a 338 Twelfth Street , Brooklyn, New York, 11215. Chopra may enforce his rights under non-bankruptcy law to the Property. The Court does not reach that portion of the Application which seeks the imposition of sanctions at this time, but notes that it shall consider the imposition of in rem relief should the debtor's case be subsequently dismissed.

IT IS SO ORDERED.

Dated:  Brooklyn, New York
        February 20, 2009

>                             S/ Dennis E. Milton
>                             DENNIS E. MILTON
>                             United States Bankruptcy Judge